Langham and others vs. Darby, Adm'r.

---

ELIAS T. LANGHAM AND OTHERS VS. JOHN F. DARBY, AD'MR.

Plaintiffs, heirs of A., joined others in a suit for partition of certain lands; an order of sale was made; before the sheriff made his report of the sale, defendant, who was the administrator of A, applied to the court for an order that the proceeds of the sale going to the heirs of A should be paid over to him for the benefit of the creditors of A. The court, having been first satisfied that the estate was insolvent, made the order.

Held,

That the order, although somewhat informal, must stand, complete justice having been accomplished by it.

Langham and others *vs.* Darby, adm'r.

## ERROR to St. Louis Circuit Court.

### STATEMENT OF THE CASE.

A suit in partition wherein above plaintiffs in error and John O'Fallon and others were petitioners, and Martin Tayon and others defendants, was commenced in the St Louis circuit court, 3d September, 1846. On the 26th April, 1847, an order of sale was made by the court, which was renewed on the 16th March, 1848. The sale was made on the 3d May, 1848, the proceeds whereof were $43,619 96, and the sheriff filed his report thereof on the 11th May, 1848, which was approved on that day On the 29th April, 1848, Bailey, administrator of Angus L. Langham filed his petition in said suit setting forth that above plaintiffs in error were the only heirs at law of Angus L. Langham, and that one-tenth of the land sought to be divided in said partition belonged to the estate of Angus L. Langham, and, of course the tenth of the proceeds ; that said plaintiffs in error, the heirs, were not entitled to the proceeds of the sale, as the estate was greatly insolvent ; that accounts allowed against said estate unpaid amounted to $45,754 25, among which was a judgment in favor of the United States for $4,872 76, which was allowed in St. Louis Probate Court against said estate, in the year 1839, that the said government debt is a lien, and that all said debts are by law liens, and to be satisfied before said heirs could be entitled to anything, and praying for an order that the proceeds should be paid to him.

The court made the order accordingly before the sheriff made report of said sale, having taken proof, and been satisfied thereby of the insolvency of said estate and that the tenth of said proceeds would pay but a portion of said allowed demands against the estate of A. L. Langham.

On the 13th May, 1848, E. T. Langham and the other heirs of A. L. Langham made their motion to set aside said order, because, 1st, it was imprudently made ; 2nd, that Darby was no party to the suit ; 3d, that the heirs had no notice of Darby's application ; 4th, that said order was against the statute of partition. Sec. 40.

At the November term, after the money had been paid over to Darby under the order, to wit: 22nd January, 1849, the motion was argued and overruled, and an exception taken to that decision.

The only question arising on the record is, whether the order of payment to Darby should have been set aside.

GAMBLE & BATES, for plaintiffs in error.

The circuit court had no authority to order the payment of the money of the plaintiffs in error to the defendant in error. The acts of the General Assembly prescribe the duties of administrators with regard to real estate, and the only mode in which they may dispose of real estate. Rev. Laws, 1845, title "Administration," articles 2 and 3. An administrator cannot be a party to proceedings for partition. He has no title to real estate, but only a power to sell under the order of the county court for the causes and in the manner prescribed in article 3 of the administration law.

The heir may sell land by private contract, subject however to the administration of the estate, and the purchaser takes only the title of the heir, which would be inferior to a title acquired under a sale by the administrator made in legal form and for proper cause. In like manner a sale made in partition conveys only the title of the heir, subject to the administration. The administrator's right to sell for the payment of debts is not disturbed, and he has no right whatever to the proceeds of the sale by the heir in partition. He would have had no right to the proceeds of the sale of the heirs interest by private contract or under execution, and has no right to the proceeds of the sale of his interest in partition.

The 40th section of the act respecting partition, enacts that the nett proceeds of such sales

shall be paid to the parties whose rights and interests shall have been sold, or to their guardians or legal representatives. Darby's right as administrator to sell has not been impaired, and he may yet sell the land for the payment of the debts of Angus L. Langham. His interest in the land was not sold in the partition sale, and consequently he has no right to any of the proceeds of that sale.

Further, the circuit court had no authority, upon the motion of the administrator, a stranger to the record, (and without notice) to order the payment of the money of the plaintiffs to him, even had he a right to the money, which he unquestionably had not.

SPALDING, for defendant error.

1. The interest in the land belonging to the deceased, Angus L. Langham, his *heirs* and administrators were his representatives, and the proper parties in the suit of partition, to represent that interest. Rev. Code of 1845, page 766, section 2, 3.

2. But Elias T. Langham, one of the heirs of A. L. Langham was a party-petitioner originally in the suit, *he being at the same time the administrator* of Angus L. Langham.

3. Before the suit terminated, his letters were revoked, and J. F. Darby was appointed administrator *de bonis non* of Angus L Langham; and soon after intervened as such in the suit and procured an order that the money should be paid to him.

4. It was Darby's duty to have procured himself to be made a party, and although what was done was perhaps lacking in form, yet it is not void. He appeared in the suit, he exhibited his letters establishing his character as such administrator, which he might do without any notice to the other parties, other than by motion in open cou t. Rev. Code of 1845, page 766, secs. 3 and 4, 771, sec. 35—that the effect of the sale is to bar rights in equity.

5. Darby having shown the probate records that Angus L. Langham's estate was indebted to the amount of some fifty thousand dollars, without any other assets than this land, one of the debts being a special lien, and all of them allowed in the probate court, it became the duty of the court to order the money into his hands. It would then be applied to the purposes of the estate, and the residue, if any, after the payment of debts, would go to the heirs, being guaranteed to them by the administration bond of Darby.

6. Such a disposition of the money would not be in violation of the act providing for partition of land, but in consistency with it. Rev. Code 1845, p. 772, sec. 40, directs that the money raised by a sale shall be "divided among the parties whose rights and interests shall have been sold, and paid to them, their guardians or legal representatives;" and section 41 indicates that the words "parties in interest," not "parties to the suit."

7. The case is not one coming within the provision of the 42nd and following sections. The 43 section provides a mode of proceeding when a party claims the money as *owner* of the premises sold, which does not include the present case, of an *administrator* and heirs of a deceased person. This is not the case of "adverse claims" to a share. It is, of the representations of the same share, whether the money shall be paid to one or to the others, whether it shall be paid to the heirs, and leave the creditors to sue them to get it, or shall be paid to the administrator, which would expedite the payment to the creditors; for in either case the creditors are entitled to the money. It belongs to them in equity.

I hold that the sale in partition by order of court, passed the title, indefeasible, and that the administrator could not sell again. He had no estate in law or equity in the land, either in reversion or remainder. All the persons required by the statute were made parties. But the heirs in such cases, hold the title for the benefit of the estate; and if partition is made, it binds the administrator; that is, the land of the deceased is set off in severalty, instead of remaining, as before, an undivided interest; and the administrator has the same power over it as he would have had, if the partition had not been made.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, the single question before this court involves the propriety of the order of the circuit court, directing the proceeds of the sale of the property by the sheriff to be paid over to Darby, the administrator. The commissioners reported that the land was not susceptible of partition without loss to the owners. A sale was ordered and made; and before report of such sale by the sheriff, Darby moved the court to have the money coming to the heirs of Langham, that is one-tenth of the amount of the sale, paid over to him, for the benefit of Langham's creditors, he having satisfied the court by proof that Langhams's estate was largely indebted beyond the share of the proceeds of said sale coming to it.

The heirs of Langham object to Darby's being permitted to appear in this proceeding. But, under our law the heirs of Langham must give way to his creditors. Darby represents them in this business; he adopts the sale of real estate thus made, and by his act sanctions it. I am not willing to force Darby to proceed to have this land sold over. It is better for all parties interested really to abide by the present sale. The heirs of Langham, under the facts in proof, have but a nominal interest, and although Darby might have been more formally introduced upon the record in this case; yet I am unwilling to disturb the order of the court, directing the amount coming to Langham's heirs to be paid to him as the administrator of said Langham. ·

I overlook all formalities, and where complete justice can be done in the premises by motion, and by the adopting of the partition sale by the administrator, I see nothing to be gained by directing a different proceeding. As to the want of notice, Langham's heirs were in court and did not need notice of Darby's motion; they knew it as soon as it was made.

Let the judgment below be affirmed.