HORACE METCALF and NIMROD SNYDER, Respondents, v. CHARLES T. LARNED and PHILOMENA his wife et als., Appellants.

1. *Equity—Notice—Lis pendens.*—A suit pending is not notice to a purchaser so as to affect and bind his interest until the writ is served after petition filed.
2. *Administration—Heirs—Assets.*—Where heirs are proceeded against on account of a debt of the ancestor, they are not liable *in solido,* but only *pro rata* on account of assets descended. An estate by descent renders the heir liable for the debts of the ancestor to the value of the property descended, and he holds the land subject to the payment of the ancestor's debts.

*Appeal from St. Louis Circuit Court.*

*C. Gibson,* for appellants.

Does the plaintiff, who is but the representative of the administrator, enjoy any greater advantages than the administrator himself? The administrator did not claim the proceeds of the sale in partition. His sale of the land, if valid for any purpose, passed the title to the land. It certainly merged the debt and all pecuniary claim of Mrs. Tyler. Her conveyance to the plaintiff was her receipt for money to be claimed of the defendants in this suit. If her conveyance was good, and the theory of the plaintiff's case be law, then, although an heir sells in partition only his title, he would be bound to pay off all the debts of the estate ; for if the land was ever sold, he would be bound to refund all the money received by him, with interest. The injustice of such a principle is manifest.

The rule *caveat emptor* applies to all sales in partition ; the parties selling are not " responsible for the title " either in law or equity—Owsley v. Smith, 14 Mo. 155 ; Swartz v. Dryden, 25 Mo. 572. Equity will not interfere to restrain the collection of the purchase money on the ground of failure of the title—*Ib. A fortiori,* it will not order the money to be refunded, with interest, many years after pay 'ment.

*R. M. Field* and *C. H. C. Chapin,* for respondents.

I. The defendants, as heirs of Thomas F. Smith, Sen., having assets by descent, were liable for his debts; in other words, the debts of their father became their own, and they were liable to suit by the creditors after the personal estate of the father was exhausted—Bac. Abr. tit. Heir, F., —; 2 Spence's Eq. 388; 4 Kent's Com. 419 et seq.; 2 Tuck. Com. 107 et seq.

The expeditious remedy given by statute to the creditor to obtain a sale of the land under the order of the Probate Court, has in general taken the place in practice of a suit against the heir; but the latter remedy remains, and is generally resorted to after the close of the administration, as being in such case more expeditious and direct—Miller v. Woodward, 8 Mo. 169; Dobyns v. McGovern, 15 Mo. 662; Schermerhorn v. Barnhardt, 7 Paige, 354; S. C. 9 id. 28; Piatt v. St. Clair, 6 Ham, 227; Hilden v. Morent, 2 J. J. Marsh, 187; Ticknor v. Harris, 14 N. H. 272; Elwood v. Diefenderf, 5 Barb. 398; Dodge v. Manning, 11 Paige, 347; Morris v. Monat, 2 Paige, 590.

II. The preceeds of the sale in the partition between the defendants were chargeable with the debts of Thomas F. Smith, and if they had remained in court would have been applied directly to satisfy the claims of creditors—Langham v. Darby, 13 Mo. 853; Van Wezel v. Wyckoff, 3 Sandf. Ch. 528.

III. The plaintiffs having been compelled, for the protection of their own interests, to pay the debt of the defendants, are entitled to be reimbursed by the latter; and besides they are entitled in equity to be subrogated to every right of the creditor whose debt they have paid—Deering v. Winchelsea, 11 Wh. & Tud. Lea. Cas. 78, and notes; Miller v. Woodward, *ubi supra;* McCormick v. Irwin, 35 Pa. 111.

And the same principle applies to the case where the creditor has a lien on two funds, and he resorts to the one in which another is interested; that other is entitled to be sub-

rogated to the rights of the creditor in the other fund—1 Sto. Eq. § 559. And the principle has been applied to a case where a person holding under a defective title pays off encumbrances upon the estate, the real owner will not be allowed to recover the estate without repaying the amount of the encumbrances—Bright v. Boyd, 1 Sto. 478 ; Vallé v. Fleming, 29 Mo. 182.

IV. Nor is there any evidence that the purchasers had notice of the existence of unpaid debts against the estate. It sufficiently appears that at the time of the sale both the plaintiff and defendants were ignorant of the existence of such debts. And in respect to Metcalf, the principal purchaser, it was distinctly proven by the counsel who examined the title for him that no such notice was had by him. There was no *lis pendens* that would affect the plaintiffs with notice, for in fact there was no writ served in the suit by Chambers' administrator before the sale in partition, and no person is affected with notice of a *lis pendens* until process served—Murray v. Ballou, 1 Johns. Ch. 576.

WAGNER, Judge, delivered the opinion of the court.

In the year 1843 Thomas F. Smith died seized of a tract of land containing 640 acres, lying and being situate in the county of St. Louis ; his estate was duly administered on, and the settlement of the administrator in March, 1847, showed a balance in his hands of personal effects amounting to $817.52. In the year 1852 the defendants in this suit, who are heirs at law of Thomas F. Smith, united in a petition for partition of the land, and commissioners were appointed by the court, who reported that the land was not susceptible of division without prejudice; whereupon the court ordered the same to be sold by the sheriff. The tract, for the purpose of sale, was divided in several parcels, a portion of which the plaintiffs purchased when sold in partition. Previous to the sale Metcalf, who was a non-resident, employed an attorney to examine the records to see whether there were any encumbrances or debts owing by the deceased

which would affect the title to the land. After diligent search in the Probate Court the attorney found none, and so represented, and upon the faith of that representation Metcalf made the purchase.

In September, 1853, Sturgeon, administrator of Chambers, commenced an action for breach of covenant against Beckwith, the first administrator of Smith, upon the covenants of a deed executed by Smith in 1843, laying the breach as occurring in 1848, five years after Smith's death. The writ was returnable to the October term, 1853, of the St. Louis Land Court. There was no service on Beckwith, and the case was continued until the March term, 1854. Beckwith died in December, 1853, and C. C. Whittelsey succeeded him in the administration. At the March term of the court, 1854, and after the sale in partition, Whittelsey entered his appearance voluntarily.

Judgment was obtained in the suit of Chambers' Adm'r v. Smith's Adm'r, and there being a deficiency of assets, the land sold in partition was on the petition of Whittelsey, the administrator, sold to satisfy the judgment. In the sale under execution Mrs. Tyler, the owner of the judgment, bought the property, and subsequently the plaintiffs paid her the amount of the judgment debt and received from her quitclaim deeds for the premises.

This suit was instituted against the defendant as the heir of Smith, who had received distributive shares from the estate arising from the sale in partition, to reclaim the amount paid by plaintiffs in protecting and completing their title.

The first point raised, that the institution of the suit of Chambers v. Smith was sufficient to constitute notice of subsisting encumbrances to purchasers or bidders at the sale in partition, we think is not maintainable. The papers were previously filed, but there was no service of the writ, or appearance by the party, until after the sale had taken place; and the established rule seems to be, that a *lis pendens* is not notice to a purchaser so as to affect and bind his interest by the judgment till the service of the writ after the petition

is filed—Murray v. Ballou, 1 Johns. Ch. 566; Fenwick v. Gill, 38 Mo. 525.

The court refused, on the application of the plaintiffs, to declare that the defendants were liable *in solido;* and in this we think it was correct, for where heirs are proceeded against on account of assets which they have received from their ancestor, they are chargeable only distributively and *pro rata.* —2 Tuck. Com. 111.

An estate by descent renders the heir liable for the debts of his ancestor to the value of the property descended, and he holds the land subject to the payment of the ancestor's debts—4 Kent's Com. (6 ed.) 419; Watkins v. Holman, 16 Pet. 25. The heirs cannot alien the land to the prejudice of creditors, and they have no right to the real estate of their ancestors, except that of possession, until the creditors are paid. But it is insisted for the defendants, that the plaintiffs bought the property in a partition sale, and that in a statutory proceeding for partition there is no warranty— Owsley v. Smith, 14 Mo. 153; Schwartz v. Dryden, 25 Mo. 572. Admit this principle, and the only question to be determined is whether it applies to this case.

In Langham v. Darby, 13 Mo. 553, the heirs of Langham joined others in a suit for partition of certain lands; an order of sale was made; after sale, but before the sheriff made his report, the administrator applied to the court for an order that the proceeds of the sale going to the heirs should be paid over to him for the benefit of Langham's creditors; the court, being satisfied that the estate was insolvent, made the order. This court approved the proceeding and said that justice was accomplished by it. The case of Van Wezel v. Wyckoff, 3 Sandf. Ch. 28, decides that a creditor of the ancestor who is entitled to maintain a suit against heirs in respect of the real estate descended to them, may have a decree against the proceeds of such real estate when the same have been paid into court upon a sale of the property under an order or decree of the court.

Under the law, the heirs of Smith must give way to cred-

itors. The debts must first be satisfied before they can claim or derive any benefit from the estate of their ancestor. The money that they got arising out of the sale in partition was the money of the creditors so long as any debts or liabilities remained unpaid. The plaintiffs who, after diligent search and without notice, purchased in good faith, were compelled to pay their money to satisfy an encumbrance for which the heirs were liable, and they ought not to be turned away remediless. The heirs had received and obtained possession of the plaintiffs' money, which should have been appropriated to the payment of the judgment debt, and we are unable to distinguish any difference in principle where the money is thus paid over and sought to be recovered back, and where a specific decree is rendered against it when it has been paid into court.

Judgment affirmed. Judge Fagg concurs; Judge Holmes, having been of counsel, not sitting.