Keen v. Watson.

---

FRANK KEEN, Appellant, v. MARY A. WATSON *et al.*, Respondents.

**St. Louis Court of Appeals, February 4, 1890.**

1. **Practice, Appellate:** NON-PREJUDICIAL ERROR: EXCLUSION OF EVIDENCE. The rejection of evidence, which, if admitted, could not possibly have changed the result, is not prejudicial error.

2. **Application of Payments.** When a creditor holds several claims against his debtor, and no application is made by either creditor or debtor of a sum of money paid by the latter to the former, the law applies the payment on the debt which first matures.

Keen v. Watson.

3.   **Wills:** LIABILITY OF DEVISEE FOR DEBT OF TESTATOR.   A devisee is not answerable for debts of the testator, if the testator died and the will was probated before section 3944 of the Revised Statutes, 1879, took effect; nor does said section make one of several devisees answerable *in solido* for damages arising from the breach of a covenant of the testator.

*Appeal from the St. Charles Circuit Court.*—Hon. W. W. Edwards, Judge.

Affirmed.

*W. C. Wilson,* for the appellant.

(1)   The trial court erred in overruling the plaintiff's motion to strike out part of the defendant's answer. The notes were subject to the same set-offs and defenses in Mrs. Watson's hands as they would have been between the original parties.   Story on Prom. Notes [3 Ed.] sec. 190, p. 224; 1 Daniel on Neg. Inst.. secs. 769, 780 and 781; *Morrow v. Bright,* 20 Mo. 300; *Brant's Will,* 40 Mo. 277, 278.   (2)   The court erred in excluding the two deposit tickets of March 2, 1878, for five hundred dollars each, representing the deposits to S. S. Watson's credit on March 2, 1878, in the First National Bank. *State v. Lock,* 58 Mo. 501, 502; 1 Greenleaf's Evidence [7 Ed.] sec. 51; *Barclay v. Bates,* 2 Mo. App. 143, 148. It was entirely proper for Keen to testify as to transactions which took place subsequent to the death of Watson.   *Wade v. Hardy,* 75 Mo. 394, 400; *Martin v. Jones,* 59 Mo. 181; *McGlothin v. Henry,* 59 Mo. 213; *Poe v. Dornic,* 54 Mo. 124.

*T. F. McDearmon,* for the respondents.

The findings of the chancellor in equity causes will be deferred to unless he has manifestly disregarded the evidence.   *Mathews v. O'Neill,* 94 Mo. 520; *Snell v.*

Keen v. Watson.

*Harrison*, 83 Mo. 651; *Sharp v. McPike*, 62 Mo. 300; *Hodges v. Black*, 76 Mo. 537 ; *Chapman v. McIlwrath*, 77 Mo. 43; *Judy v. Bank*, 81 Mo. 414; *Russell v. Adkins*, 24 Mo. App. 605. Part of said answer also makes the defense, that Mrs. Watson is but one of many legatees under the will, and that if she is liable she is only liable for her *pro rata* share of the damages. This we submit was a good defense. *Walker v. Deaver*, 79 Mo. 664; *Titterington, Adm'r, v. Hooker*, 58 Mo. 593; *Metcalf v. Larned*, 40 Mo. 572; *State ex rel. v. Pohl*, 30 Mo. App. 321. That part of the answer denying Mrs. Watson's liability on the covenant of warranty in her husband's deed. This was also a good defense. R. S. 1879, p. 109, sec. 669; *Bank v. Robidoux*, 50 Mo. 446; Rawle on Covenants, pp. 578, 579 and 580. There was no error in the exclusion of the two deposit tickets. *Briggs v. Henderson*, 49 Mo. 531; *Hessrick v. McPherson*, 20 Mo. 310; *Purn's Adm'r v. Watson*, 20 Mo. 13; *Hanson v. Jones*, 20 Mo. App. 595; *Lord v. Siegel*, 5 Mo. App. 582; *Hensgen v. Mullally*, 23 Mo. App. 613.

ROMBAUER, P. J., delivered the opinion of the court.

In July, 1877, Samuel S. Watson and the defendant Mary A. Watson, his wife, conveyed to the plaintiff by warranty deed a tract of land for the consideration of six thousand dollars. Of this amount the plaintiff paid, at the date of the purchase, five hundred dollars in cash; and he executed and delivered to Watson, for the residue of the purchase money, his eleven promissory notes for the sum of five hundred dollars each, the note first maturing being payable March 1, 1878, and the others respectively on the same day in succeeding years, so that the note last maturing became due and payable on March 1, 1888. All these notes bore interest from date at the rate of eight per cent. per annum, and their payment was secured by deed of trust

upon the property conveyed. Samuel Watson died, June 5, 1878, leaving a will, whereby the defendant Mary A. Watson and one Alderson were appointed executors. The executors made their final settlement in August, 1882, and all the notes above mentioned, remaining unpaid at said date, were turned over to the defendant Mary A. Watson as residuary legatee under the will.

The present action was instituted in May, 1887, and is a suit in equity against Mary A. Watson, and the trustee named in the deed of trust above mentioned, the object of such suit being the cancellation of said deed of trust and of the two notes last maturing, on the ground that all the notes secured had been fully paid by the plaintiff, partly to Samuel Watson, partly to his executors, and partly to Mary A. Watson, the residuary legatee and present holder, and on the further ground that the title to three acres and a half, of the aggregate value of two hundred and ten dollars, was not in the grantors at the date of the conveyance, and no title thereto passed to the plaintiff, and he was entitled to have the value of said three and a half acres credited on the deferred payments as of July 19, 1877, the date of the conveyance to him.

The court upon the trial of the issues found that the plaintiff's claim was made out in regard to a failure of title of two acres and fifty-hundredths of an acre, worth at the date of the conveyance one hundred and fifty-one dollars and twenty-five cents, and decreed that the plaintiff was entitled to a credit upon the two notes still in the defendant's hands equal to one hundred and fifty-one dollars and twenty-five cents with interest at the rate of eight per cent. per annum from July 19, 1877. The court further found and decreed that the residue of such notes, to-wit, eight hundred and thirty-one dollars and sixty cents with interest thereon at the rate of eight per cent. per annum remained unpaid, and

rendered judgment in favor of the defendant and against the plaintiff for that amount. From this decree and judgment the plaintiff appeals.

The errors assigned are that the court excluded proper evidence offered by the plaintiff, and erred in its judgment, as, under the evidence, the plaintiff was entitled to the relief sought.

We will state, at the outset, that there is no controversy between the parties touching any of the payments made by the plaintiff on account of the purchase money, except one, which is the payment made by him on the second day of March, 1878. The plaintiff claims that, at that date, he paid to the cashier of the First National Bank of St. Charles, as agent of Samuel Watson, then living, the sum of one thousand dollars, and that five hundred dollars' of said sum was applied by the cashier to the payment of plaintiff's note, due March 1, 1878, which was the only note then in the hands of the cashier, but that the other five hundred dollars was not applied either then or thereafter, when the other notes came to the cashier's hands, to any of said notes. The plaintiff claims that, if this were proven, it would conclusively show that all the notes had been paid, because it would entitle him to an additional credit of five hundred dollars, with compound interest at the rate of eight per cent. per annum from March 1, 1878, and such amount with the value of the three and one-half acres of land, with similar compound interest from the date of the purchase, would more than extinguish the entire debt, which Mrs. Watson as residuary legatee still claims.

It appears from the record that the court heard evidence touching the alleged payment of one thousand dollars, the only competent witness to the transaction, now living, being the cashier of the bank. He, as such cashier, collected all the payments that were made on the notes, first as agent for Samuel Watson, then as

agent for the executors, and then as agent for Mrs. Watson, the residuary legatee. He testified, in substance, that on the second day of March, 1878, one thousand dollars were paid to the bank for Mr. Watson, and two deposit tickets were made out by him for five hundred dollars each. The books of the bank showed that one of these five-hundred-dollar deposits was made by the plaintiff; touching the other the books of the bank were silent. It may have been made either by Watson himself, by Keen for Watson, or by some third party for Watson. It further appeared by the testimony of the same witness, that Samuel Watson kept a current deposit account with the bank, and that the following deposits were made to his credit the preceding month : February 6, one hundred and fifty dollars; February 28, five hundred dollars, showing that deposits, of the exact sum of five hundred dollars to Watson's account, may have come from other sources, as it stands admitted that the deposit of five hundred dollars, made on February 28, was not made by the plaintiff.

The court excluded the evidence of the plaintiff, who offered to prove, by his own evidence, what transpired between him and the cashier of the bank, acting as agent for the executors, after the decease of Samuel Watson, and also excluded the evidence of the cashier, as to what the plaintiff had always claimed in making payments at subsequent dates. In view of the fact that the plaintiff, under the statute, was a competent witness as to any fact transpiring after the probate of the will (R. S. 1879, sec. 4010), the exclusion of this evidence was error, all the more so, as the plaintiff was entitled to show, to rebut any inference of laches arising from silence and acquiescence, that he was neither silent nor acquiescent, but always insisted that he was entitled to this additional credit. But we cannot see how the admission of this evidence could have possibly changed the result, since it was not admissible for the purpose of establishing the validity of the claim, but merely for

the purpose of rebutting inferences of its invalidity arising from the plaintiff's own laches.

Treating the case as if all of this evidence had been admitted, and considering it as established, that the plaintiff always asserted, and the defendant and her agent always denied, that he was entitled to this additional credit, yet we must conclude that the plaintiff has failed to prove his case. The mere fact that, on a certain day more than ten years ago, five hundred dollars was deposited to the credit of Samuel Watson, under the circumstances above detailed, is at best inferential evidence of the fact that it may have been deposited by the plaintiff for Watson, but not at all evidence, of any persuasive force, that it was so deposited to be applied in payment of a note which was not then in the possession of the bank. It was incumbent upon the plaintiff to make out his case by a preponderance of evidence, and the evidence adduced by him falls far short of that requirement.

We have so far treated the plaintiff's case, as if proof of the fact, that he made an additional payment of five hundred dollars, March 2, 1878, would have entitled him to the relief sought. Such a result, however, is not the consequence of the fact, even if established. The will of Samuel Watson, which bears date May 31, 1878, nearly two months after the alleged payment, and which is offered in evidence by the plaintiff himself, provides for a number of special legacies. The note executed by the plaintiff maturing March 1, 1879, is bequeathed to the American Bible Society; the note falling due March 1, 1880, to the Church Erection Fund of the Presbyterian Church; and the note falling due March 1, 1881, to the Board of Foreign Missions of the Presbyterian Church. Now, if plaintiff's contention, that he made a payment of five hundred dollars, March 2, 1878, which should have been applied to the note maturing March 1, 1879, is correct, on what theory do the notes which the defendant holds, maturing many

years thereafter, become chargeable with such payment? Even if the plaintiff had made no appropriation of the alleged payment of five hundred dollars, the law would have applied the payment to the oldest debt, and that was the note bequeathed to the Bible society, and not the note or notes, which ultimately fell to the share of the defendant as residuary legatee. We mention these facts merely for the purpose of showing that, even if the additional payment had been conclusively established, the result which the plaintiff claims would not have followed by any means.

In regard to the second branch of the case, namely, that the plaintiff did not obtain sufficient credit, for failure of title to three and a half acres of land, we must say that whatever errors were committed on that branch of the case were committed against the defendant. The defendant, as devisee of Watson, was not liable *in solido* for the damages arising from the breach of the covenant of her devisor, even under the amended section 3944, Revised Statutes of 1879, which made devisees answerable to the same extent as provided by law *in case of heirs. Metcalf v. Larned*, 40 Mo. 572; *Walker v. Deaver*, 79 Mo. 664. It appears affirmatively by plaintiff's evidence that the defendant was not the sole devisee, but that there were other devisees. Besides this, as the testator died, and his will was probated, before the amendment of 1879 took effect, and prior to such amendment, she was not liable as devisee at all. *Sauer v. Griffin*, 67 Mo. 654. More than this, the court charged her with the value of the land concerning which the title failed, and interest at the rate of eight per cent. per annum, whereas the rule is well established that the damages could not exceed the proportionate part of the purchase money with legal interest, which in this state is six per cent. It will thus appear that the plaintiff got greater relief than he was entitled to in any view of the case, and is certainly in no position to complain. All the judges concurring, the judgment is affirmed.