GIVENS et al. v. CARTER et ux.

(Court of Civil Appeals of Texas. Dallas. April 6, 1912. Rehearing Denied April 20, 1912.)

1. APPEARANCE (§ 19*)—JURISDICTION OF PERSON.

In an action to foreclose a lien on land situated in H. county for nonpayment of notes payable at the county seat, where the purchaser of the lands and maker of the notes lived, in which a nonresident of the state in possession of the notes appeared and sought affirmative relief, the district court of that county had jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–90; Dec. Dig. § 19.*]

2. EVIDENCE (§ 402*)—PAROL EVIDENCE—INDORSEMENTS ON NOTE.

Parol evidence is not ordinarily admissible to contradict or change the character of an indorsement on a note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1806; Dec. Dig. § 402.*]

3. EVIDENCE (§ 402*) — PAROL EVIDENCE — NOTES—CHARACTER OF INDORSEMENT.

In an action to recover on notes and to foreclose a vendor's lien, where plaintiffs' petition alleged that there was want of consideration for the transfer of the notes from one of the plaintiffs to his sons and that a party defendant, obtaining possession from them, had knowledge of such fact and that the transfer was for a specific purpose which was known to such defendant, and that they had been used for another and different purpose, parol evidence that the plaintiffs' sons were not in fact the owners of such notes, in contradiction of the indorsements thereon, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1806; Dec. Dig. § 402.*]

4. HUSBAND AND WIFE (§ 229*)—BONA FIDE PURCHASERS—ADMISSIBILITY OF EVIDENCE.

In an action by a husband and wife to recover on notes and to foreclose a vendor's lien, where the petition alleged that a party defendant in possession of the notes by pledge from plaintiffs' sons had received them with knowledge that they were the separate property of the wife, and that the notes had been pledged to such defendant for a specific purpose, and that he held them for a different purpose, and where such defendant pleaded an estoppel as against the wife, evidence that the wife objected to the sending of the notes to their sons, and that it was the intention of the husband not to give the notes to them, and that he did not receive anything for the notes from them, and that there was no agreement between plaintiffs as to the wife giving the notes to the husband, was admissible as bearing on the issues raised by the pleadings.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 816–834, 841–843; Dec. Dig. § 229.*]

5. HUSBAND AND WIFE (§ 137*)—WIFE'S SEPARATE PROPERTY — HUSBAND'S RIGHT OF CONTROL.

The husband has the right of possession, management, and control of the wife's separate property, but without her consent he has no power to dispose of it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 512–523; Dec. Dig. § 137.*]

6. BILLS AND NOTES (§ 343*) — BONA FIDE HOLDERS.

In an action by a husband and wife to recover on notes and to enforce a vendor's lien on land which had been the separate property of the wife, where it appeared that the husband indorsed the notes to his sons for a specific pur-

pose, and that a defendant in possession thereof knew when he received them from the sons that they had only the right to use them for that specific purpose, and that such defendant knowingly took the notes for a different purpose, such defendant was not a bona fide holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 853–855, 864–865; Dec. Dig. § 343.*]

7. APPEAL AND ERROR (§ 179*) — VERDICT — SPECIAL VERDICT — STATUTORY PROVISIONS.

Under Rev. St. 1895, art. 1331, providing that a special verdict must find the facts as established by the evidence and not the evidence itself, and that the findings must be such as that it only remains for the court to draw the conclusions of law, a judgment sustained by the evidence on an issue will not be disturbed on appeal when such issue was not submitted to the jury as a special issue nor any request for submission made by appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 179.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by H. W. Carter and wife against John C. Givens and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

N. J. Smith and A. P. McKinnon, both of Hillsboro, for appellants. Morrow & Morrow, of Hillsboro, for appellees.

RAINEY, C. J. Appellees, H. W. Carter and wife, brought this suit against appellants, John C. Givens and G. W. Boyd, to recover on three promissory notes and to foreclose the vendor's lien on a certain parcel of land for which said notes were executed. It was alleged, in effect: That said land was the separate property of Mrs. Carter, and it was conveyed by her and her husband to John C. Givens. He executed his notes therefor, which notes were made payable to the order of H. W. Carter, and to secure the payment of which a lien was reserved in the deed and so specified in the notes. That G. W. Boyd had fraudulent possession of said notes, and as against him they sought to recover possession of same. Boyd answered that he obtained possession of said notes for a valuable consideration, and without notice of any adverse claim of Mrs. Carter, through Champ and S. Carter, to whom said notes had been indorsed by H. W. Carter; that he bought one of the notes outright, and the other two he held as collateral to secure a laundry contract made by him and Champ and S. Carter. H. W. Carter and wife by supplemental petition set up: First, that Boyd was a purchaser with notice, because the deed records of Hill county showed that the land for which the notes were given was the separate property of Mrs. Carter and that the notes given in consideration therefor were her separate property; second, that Boyd during the making of the laundry contract had actual notice that the notes were indorsed by H. W. Carter to Champ and S. Carter, without a money consideration, for

the purpose only of enabling Champ and S. Carter to secure the laundry contract; that the sale of one of the notes was without authority from appellees; that said last contract was entered into without the knowledge of appellees; and that they have not since acquiesced nor ratified the same. Givens answered admitting that he executed the notes as charged; that by the terms of the notes he had the right to pay off same at any time on or before maturity; that he has been ready and willing to pay same to either claimant as may be determined by the court; that by reason of the conflicting claims of ownership he has been compelled to employ an attorney at the expense of $100 to protect his interest and asked judgment over against Boyd for same. The cause was submitted to the jury on special issues, as follows: "Did Boyd have actual notice that Mrs. M. E. Carter claimed the three notes in question as her separate property at the time he took the same from Champ and S. Carter?" To this the jury answered in the negative. Second, in effect, "Did Boyd have notice such as would put a reasonably prudent person on inquiry that the notes were the separate property of Mrs. M. E. Carter?" To this the jury answered in the affirmative. Third, in effect, "Before the contract was made in which the three notes in question were first placed with G. W. Boyd as security, did Champ Carter tell G. W. Boyd in substance that the three notes were delivered to him only for the purpose of being used to guarantee the faithful performance of the contract on the part of Champ and S. Carter?" To this the jury answered in the affirmative. Boyd and Givens excepted and gave notice of an appeal and bring the case here for review.

Mrs. Carter, the wife of H. W. Carter, owned a tract of land in Hill county, in her separate right. She and her husband conveyed this land to John C. Givens in consideration of three notes for $1,000 each, payable to the order of H. W. Carter, in Hillsboro, Tex., on or before January 1, 1913, 1915, and 1917, respectively. A lien was reserved in the deed to secure the payment of said notes. Said deed was duly recorded in Hill county. Champ and S. Carter, sons of H. W. Carter and wife, resided in Mangum, Okl., as did G. W. Boyd. Said Champ and S. Carter rented from Boyd a laundry in Mangum with option of purchasing same for a certain consideration and placed with Boyd the said three notes as collateral to secure the performance of said contract; said notes having been indorsed by H. W. Carter and transferred to them for that purpose, of which Boyd was informed before the laundry contract was consummated. Boyd also before receiving the notes had his agent examine the records of Hill county and thereby received notice of the contents of the deed. The notes recite that they were given for the

land and that a lien was reserved in the deed to secure their payment. After using the laundry for a while, Champ and S. Carter, becoming fearful they would lose money by continuing to operate it with Boyd's consent, traded the laundry for a tract of land. The land was deeded to Champ Carter for the expressed consideration of $6,500, for which he executed his notes payable to Boyd. To secure this last transaction the two notes here in suit and theretofore held by Boyd were to be retained by him as security for the payment of the $6,500 as per agreement; one of the notes having been bought outright by him. The true consideration for the land received for the laundry was $6,000; the note for $6,500 executed by Champ Carter including $500 for rent due on the laundry and other matters to Boyd. Mrs. Carter never intended that the title to the notes for which her land was sold should vest in H. W. Carter nor did she ever consent to or acquiesce in their transfer to Boyd.

[1] Appellant Boyd's first assignment of error is: "The court erred in overruling defendant Boyd's exception to plaintiff's first amended original petition. Said petition is defective because it appears by the allegations of said petition that, at the time of bringing said suit, the notes in question were in the possession of defendant G. W. Boyd. That Boyd was holding said notes by virtue of the indorsement of H. W. Carter. That there is no allegation showing to whom said notes were payable. That said Carter and his wife, as shown by the allegations of said petition, were not in a position with reference to said notes, the same not being in their possession, to demand payment of the interest on the same and to declare the same due in default of interest payment. That G. W. Boyd is a nonresident of the state, and unless a cause of action was shown against his codefendant, John C. Givens, this court would have no jurisdiction of the cause of action, if any, stated against defendant G. W. Boyd. The petition having alleged that the notes were indorsed by H. W. Carter, it would devolve upon the plaintiffs to aver such facts or to show the invalidity of said indorsement. There is no averment as to the character and nature of the debt for which said notes were put up to secure, and the matters stated are conclusions and not a statement of such facts as wouldd require this defendant to answer." There was no error in overruling this exception, as the suit was to foreclose a lien on land situated in Hill county. The notes were made payable in Hillsboro, the county seat, and the purchaser of the land and maker of the notes lived in Hill county. Besides, Boyd appeared and answered plaintiff's petition and sought relief himself, and the court had jurisdiction to hear the cause and render judgment thereon.

[2, 3] The next assignment presented by Boyd is: "The court erred in not sustaining

146 S.W.—40

the special exception of defendant Boyd to plaintiff's first supplemental petition on the grounds: (1) Defendant Boyd had the right to rely on the title to the notes being in Champ and S. Carter, they being the apparent owners of the same, and he would not be affected with notice of any rights of Mrs. E. M. Carter because the land, which was the consideration of the notes, may have been the separate property of Mrs. E. M. Carter; and (2) that part of said supplemental petition which sets up that H. W. Carter received nothing for said notes, and that G. W. Boyd was familiar with the facts and had both constructive and actual notice that Champ and S. Carter were paying the plaintiff nothing for the transfer of said notes, and that Boyd's right to the notes was limited to holding the same as collateral security for the fulfillment of Champ and S. Carter's contract for the lease of the laundry, because to permit evidence of said facts would be to contradict and qualify an absolute delivery and transfer of said notes by a contemporaneous oral agreement and to avoid a completed and definite written agreement between the parties by ingrafting thereon an oral qualification made contemporaneously with the indorsements of said notes." Plaintiff's petition alleged that there was want of consideration for the transfer of the notes from H. W. Carter to Champ and S. Carter, and that Boyd had knowledge of that fact, and that the delivery of the notes to his sons was for a specific purpose which was known to Boyd, and that they had been used for another and different purpose, and there was no error in overruling the exception.

The proposition of appellant Boyd is that "parol testimony is inadmissible to show that said notes were indorsed by Champ and S. Carter to G. W. Boyd, and that at the time of said indorsement they, Champ and S. Carter, were not in fact the owners of said notes in contradiction of the written indorsements on said notes, and therefore said supplemental petition showed no cause of action." Ordinarily parol evidence is not admissible to contradict or change the character of an indorsement, but there are exceptions to this rule, and we think that this case comes within the exception. Jones on Pledges & Coll. Securities, § 105; Daniel on Neg. Inst. § 720–722; Texas Baptist University v. Patten, 145 S. W. 1063, decided this term, by this court.

[4] The second, third, and fourth assignments of error complain of the admission, over objection, of certain testimony to the effect that Mrs. Carter protested to the sending of the notes to Champ and S. Carter for use, to H. W. Carter, testifying that his intention was not to give the notes to Champ and S. Carter, and that he did not receive anything from them for same, and that there was no agreement between H. W. Carter and wife at the time of selling her land as to her giving the notes to him. The proposition presented is: "The testimony objected to, as shown

by the three bills of exception referred to in said assignments of error, was inadmissible for the reason that the effect of said testimony was to permit the parties to change the legal effect of an instrument upon which they intend others shall act by proving the secret intentions of such parties, or what they said at the time of the execution of the instrument, and would destroy all faith in writings and enable parties to perpetrate fraud to the hurt of innocent persons." Plaintiff had alleged, in effect, that when Boyd received the notes he had knowledge that they were the separate property of Mrs. Carter, and that she had not parted with title thereto knowingly, and that the notes had been pledged to Boyd for a specific purpose, and that he held them for a different purpose. Boyd had pleaded estoppel as against Mrs. Carter's claim to the notes. These being issues raised by the pleadings, we think the testimony was properly admitted.

[5, 6] There is no question but that the land for which the notes were given was the separate property of Mrs. Carter. Therefore the notes were her separate property. Under our law the husband has the right of possession, management, and control of the wife's separate property; but without her consent he has no right to dispose of it. Then the right of Boyd to the notes depends upon whether he is a bona fide holder of same. If he is such, then his right to such should prevail; if, not, then his claim should fail.

There was evidence, which the jury believed, to the effect that Boyd knew when he received the notes that the only right Champ and S. Carter had in the notes was the right to pledge them as security for the faithful carrying out of the laundry contract between the two Carters and himself. Before the expiration of this contract, they abrogated it and entered into another and different contract, which materially changed their obligations to each other, and one for which Champ and S. Carter had no right to hypothecate the notes as security for its faithful performance. The claim of appellant is that this last contract was made by the parties as a settlement of the laundry contract, and the rules of equity will apply in determining the rights of the parties, and it would be unequitable for Boyd to lose all and Carter and his sons lose nothing. While this argument might apply to the Carter boys and Boyd, yet we cannot see its application to H. W. Carter, who agreed that the notes should secure the laundry contract, but did not agree that his notes should be used in any other manner. If the evidence be true, and the jury have so found, Boyd is not innocent in this regard, and cannot appeal to equity.

[7] The question of ratification not having been submitted to the jury, nor any request made for the submission thereof by appellant, and judgment having been rendered against him, there being evidence to sustain the judgment on this issue, it will not be disturbed on that ground. R. S. art. 1331.

Assignments not herein discussed have been fully considered.

Finding no reversible error in the record, the judgment is affirmed.