SCRUGGS v. GAGE. (No. 8289.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 18, 1915. Rehearing Denied Jan. 22, 1916.)

1. APPEAL AND ERROR ⟊1050 — REVIEW — HARMLESS ERROR.

Where a wife claimed as her separate property an automobile sold by her husband to defendant, erroneous admission of evidence concerning the wife's suit for divorce was harmless, where the court's finding that the machine was the property of the wife was based on transactions occurring before the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⟊1050.]

2. HUSBAND AND WIFE ⟊202—WIFE'S PROPERTY—PURCHASE FROM HUSBAND — CONSTRUCTIVE NOTICE.

Defendant, who purchased an automobile from plaintiff's husband, is not charged with constructive notice of plaintiff's suit for divorce, where at the time of the purchase citation had not been served.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 429; Dec. Dig. ⟊202.]

3. HUSBAND AND WIFE ⟊137—PROPERTY OF WIFE—SALE BY HUSBAND.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621 and 4622, declaring that the husband shall have sole control over his separate property and the wife over her separate property, and that the husband shall have power of disposition of the community, a husband has no authority to sell an automobile belonging to his wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 228–230; Dec. Dig. ⟊137.]

4. HUSBAND AND WIFE ⟊202 — WIFE'S PROPERTY—SALE BY HUSBAND—BONA FIDE PURCHASERS—PRESUMPTION.

Where defendant, who purchased from plaintiff's husband her automobile, which was bought during coverture with her funds, did not rely on the presumption that the machine was community property, but believed the husband to be unmarried, he cannot claim as a bona fide purchaser on the theory that a purchaser from the husband only of property acquired during marriage, but with the separate property of the wife, may rely on the presumption that it was community property and be protected as an innocent purchaser.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 429; Dec. Dig. ⟊202.]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Action by Blanche Gage against Lee W. Scruggs. From a judgment for plaintiff, defendant appeals. Affirmed.

W. C. Prewitt, of Ft. Worth, for appellant. McMurray & Gettys, of Decatur, for appellee.

DUNKLIN, J. In a statutory suit for trial of rights of property in an automobile between Mrs. Blanche Gage, wife of W. L. Gage, as plaintiff, and Lee W. Scruggs, as defendant, a judgment was rendered in favor of plaintiff, and defendant has appealed.

The case was tried without a jury, and the trial judge filed findings of fact and conclusions of law upon which the judgment was predicated.

Briefly stated, the facts found were as follows: Early in the year 1914, Mrs. Gage and her husband agreed to a separation, but no divorce was procured. Thereafter defendant Scruggs bought the automobile in controversy, then worth $700, from W. L. Gage, husband of Mrs. Gage. At the time of such purchase the automobile was the separate property of Mrs. Gage, and prior to such sale she had instituted a suit against her husband in the county court of Wise county for the recovery of the machine, and at no time had she given her husband authority to sell it. Scruggs was not an innocent purchaser of the machine for value and without notice.

[1] While not specifically shown in the trial judge's findings, the following additional facts were established beyond controversy, and in support of the judgment may be presumed to have been found also: Scruggs bought the machine from W. L. Gage in Ft. Worth on the same day the suit was filed against him in Decatur by his wife to recover the machine and not more than two hours after the same was filed, paying Gage therefor $525 in cash; but no proof was offered to show that citation in that suit had then been served upon Gage. At the time of the purchase Scruggs did not know that the machine belonged to Mrs. Gage, did not know that Gage was a married man, and did not know of the institution of the suit in Decatur to recover the machine. In that suit final judgment subsequently was rendered in favor of Mrs. Gage for recovery of title and possession of the machine.

It affirmatively appears from recitals in the court's findings that the conclusion reached that the machine was the separate property of Mrs. Gage was based on transactions between her and her husband, which occurred prior to the institution of her suit against her husband; hence, if there was error at all in admitting proof of the institution of the suit and of the judgment rendered therein, such error did not harm appellant, Scruggs.

We are of the opinion further that there was sufficient evidence to sustain the findings so recited, one of which was that the automobile was purchased with funds, the separate property of Mrs. Gage, and the other was that after the purchase her husband made a gift to her of any possible interest he might have had in the machine.

[2] But a more difficult question is presented by an assignment challenging the finding that Scruggs was not an innocent purchaser of the machine for value without notice of the wife's title thereto. Appellee insists that Scruggs was by law chargeable with constructive notice of the pendency of the suit by Mrs. Gage against her husband for the recovery of the machine and of her claim therein asserted. This contention must be overruled because there was no proof of service of citation on the husband prior to

his sale to Scruggs. In Smith v. Cassidy, 73 Tex. 165, 12 S. W. 14, in determining the question whether Swenson in taking a mortgage upon property was chargeable with notice of a prior suit which had theretofore been filed, but in which no citation had been served upon the defendant, our Supreme Court said:

"In some of the states suits are commenced as in our own by filing a petition, and in others by issuing a writ; but without regard to the act by which the suit is commenced for other purposes it seems to be universally held that for purposes of notice by lis pendens it does not begin till service of process or its publication in case of an absent defendant. Lyle v. Bradford, 7 T. B. Mon. 512; Bennett v. Williams, 5 Ohio, 461; Goodwin v. McGehee, 15 Ala. 241; Metcalf v. Larned, 40 Mo. 575. Against such an array of authorities we should not feel inclined to oppose our unsupported opinion under any circumstances, but we see no reason to doubt their correctness upon principle. We think, therefore, that Swenson was unaffected by any notice of this suit at the time the mortgage was executed."

[3] Article 4621, 3 Vernon's Sayles' Texas Civil Statutes, contains, among others, the following provisions:

"All property of the wife both real and personal, owned or claimed by her before marriage, and that acquired afterwards by gift, devise or descent, as also the increase of all lands thus acquired shall be the separate property of the wife. During marriage the husband shall have the sole management, control and disposition of his separate property, both real and personal, and the wife shall have the sole management, control and disposition of her separate property, both real and personal."

It thus appears that W. L. Gage had no lawful authority to sell to Scruggs the automobile which was the separate property of Mrs. Gage. See, also, Walker v. Farmers' & Merchants' State Bank, 146 S. W. 312, and cases there cited; Givens v. Carter, 146 S. W. 623; Ligon v. Wharton, 120 S. W. 930.

Article 4622, 3 Vernon's Sayles' Texas Civ. Statutes, in part, reads:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either one or the other, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only, provided, however, the personal earnings of the wife, the rents from the wife's real estate, the interest on bonds and notes belonging to her and dividends on stocks owned by her shall be under the control, management and disposition of the wife alone, subject to the provisions of article 4621, as hereinabove written."

The two statutes referred to embody amendments enacted by the Legislature in the year 1913, and were in full force and effect at the time Scruggs bought the machine from W. L. Gage.

[4] By article 4621, prior to said amendment, the husband was given the sole management and control of all the separate property of the wife, and article 4622 reads as follows:

"All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband only."

Under those former statutes a purchaser from the husband only of property which had been acquired during his marriage, but which was purchased with funds the separate property of his wife, might rely upon the presumption that the same was community property and be protected as an innocent purchaser, in the absence of actual or constructive notice of the wife's separate interest. Assuming, for the sake of argument, that the same presumption would obtain under the amended statutes, then if Scruggs had relied on that presumption when he purchased the machine from W. L. Gage, he would be in a position to invoke the benefit of that presumption; but that he did not rely on it is shown by his own testimony as follows:

"At the time I bought the automobile I did not know anything about Gage being a married man; I had never seen him before and knew nothing about it. I did not know whether he had ever been married or not, whether he had a wife living or dead, or what not. I thought it was his car. I bought it on the representation of Dick Gage that it was his car."

In the absence of any proof that in buying the machine Scruggs acted upon the presumption that it was the community property of W. L. Gage and wife, he is in no position to invoke the benefits of such a presumption.

The following announcement by our Supreme Court in Kempner v. Comer, 73 Tex. 196, 11 S. W. 194, decided under the former statutes, is conclusive of that question, and so far as we have been able to discover, has never been overruled by any subsequent decision of that court:

"Where the facts giving rise to the principle of protection do not exist, the principle cannot be invoked. It is conclusively shown that appellants did not act upon any presumption that the notes were community of Mrs. Fairris and her husband; they acted upon an entirely different presumption, or rather assumption; they took the notes as collateral, supposing they were correctly indorsed by the payee, without any information that the payee was the wife of T. L. Fairris or that he had indorsed them with her name. They knew nothing of any facts which would authorize a presumption of community and were not deceived in relation to such facts. They should not be credited with knowing such facts by a mere fiction when the proof is positive that they had no such knowledge. The law will not force them into the attitude of innocent and bona fide holders of the notes against the proof; it will not and ought not to thrust a benefit of a presumption upon them when it is affirmatively shown that the presumption had nothing to do with the transaction. A married woman's rights ought not to be construed away by any such inequitable process of reasoning."

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.