**INDEMNITY CO. OF AMERICA v. COX et al.**
**(No. 2855.)**

Court of Civil Appeals of Texas. Amarillo.
Sept. 7, 1927.

1. **Appeal and error ⚖➔930(3)—On failure to request submission of issue supported by sufficient evidence to jury, it is presumed on appeal that court found against appellant thereon.**

In action on insurance policy to recover damages to automobile in collision, where appellant company did not request submission of issue of whether plaintiff's husband was her agent in paying for damages done to truck with which automobile collided, presumption must be indulged in favor of trial court's judgment that it found against appellant thereon, there being sufficient evidence to present such issue as fact question.

2. **Appeal and error ⚖➔664(2)—Bill of exceptions showing exclusion of evidence held controlled by record showing such evidence was admitted.**

In action on insurance policy for damages to automobile in collision, showing by bill of exceptions that evidence that plaintiff's husband paid for repairs to other automobile in collision because he thought it right to do so was excluded is controlled by record showing that such evidence was admitted.

3. **Husband and wife ⚖➔138(3)—Husband driving wife's automobile could not release party to automobile collision, so as to defeat right of subrogation of insurer of automobile.**

In action on insurance policy for damages to automobile in accidental collision, where automobile was separate property of wife and policy was issued to her, insurance company was liable to her, and her husband's alleged settlement and release of party with whom collision was had did not defeat company's right to be subrogated to claim of wife against such party.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by Ella H. Cox, joined pro forma by her husband, against the Indemnity Company of America. From a judgment for plaintiffs, defendant appeals. Affirmed.

James O. Cade, of Amarillo, for appellant.
Cooper & Lumpkin, of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the district court of Potter county, Tex., by the appellee, Ella H. Cox, joined pro forma by her husband, M. H. Cox, against the appellant, the Indemnity Company of America, to recover damages in the sum of $1,500 for injuries to the automobile of appellee, caused by an alleged accidental collision of her said car, while driven by her husband, with an automobile truck driven by another party. Appellee's car was insured against injury in accidental collisions by a policy of insurance issued by appellant to appellee. The cause of action is sufficiently set up in appellee's petition, and no question is presented as to her pleadings. Appellant answered by a general demurrer and general denial, and pleaded that it had been released from liability on the insurance policy issued to appellee, because she had failed to furnish it with the name and address of the party causing damages to her car, and had paid to such party resulting the damage to the automobile truck by reason of the collision, and had thereby destroyed the appellant's right to be subrogated to the claim of appellee against such other party, as the law and insurance policy required.

The case was submitted by the court on but two special issues, in response to which the jury found that the market value of the car immediately before the collision was $1,800 and its market value immediately after the collision was $300. On this verdict the court rendered judgment for appellee for the sum of $1,500, together with interest at the rate of 6 per cent per annum and for costs of suit, from which judgment appellant has appealed.

[1] The appellant urges as error the action of the trial court in holding that M. H. Cox, the husband of appellee, was not her agent in paying for the damages done to the automobile truck in the collision with appellee's car, because the question of his agency and authority to bind appellee by such payment, and thereby defeat appellant's right to be subrogated to any cause of action she had against the owner of said truck, was a question of fact for the jury. The appellant did not request the submission of such issue to the jury, and the presumption must be indulged in favor of the judgment that the court found against appellant on such issue, as there is sufficient evidence to present such issue as a question of fact. Chapman v. Ellis (Tex. Civ. App.) 289 S. W. 189; Hughes et al. v. Hughes et al. (Tex. Com. App.) 221 S. W. 970; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[2] Appellant presents as error, based on its bill of exceptions, the action of the trial court in excluding, on appellee's objection, the testimony of M. H. Cox, that he "did pay for the repairs of the other party in said collision, and that he thought it was right to do so." The record shows that M. H. Cox, speaking of the damage done to the automobile truck of the other party, testified:

"I had taken his truck and taken it to town and fixed it, and paid for it out of my own pocket."

It will be noted that the testimony, of the exclusion of which complaint is made, was, as revealed by the record, admitted. "In civil cases in any conflict between bills of

exceptions and the statement of facts, the appellate court is controlled by the latter. Ramsey v. Hurley, 72 Tex. 194, 12 S. W. 56, Mills v. Mills et al. [Tex. Civ. App.] 253 S. W. 542; Bell v. Mulkey (Tex. Civ. App.) 248 S. W. 785." Smith et al. v. Loftis (Tex. Civ. App.) 281 S. W. 604.

[3] Appellant's contention that, under the provisions of the insurance policy, M. H. Cox, as an assured, was authorized to settle and release the party with whom the collision was had from damages, and defeat appellant's right to be subrogated to the claim of appellee against such party, is not, in view of this record, tenable. The automobile was the separate property of appellee, the policy was issued to her, the collision was accidental, and appellant was liable to her for the damages done to her car by reason of the collision. Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120; Scruggs v. Gage (Tex. Civ. App.) 182 S. W. 696.

The judgment is affirmed.