## DELLAUGHTER v. HARGROVE.
### No. 8634.

Court of Civil Appeals of Texas. San Antonio. June 24, 1931.

F. W. Moran, of La Feria, and H. B. Galbraith, of Brownsville, for appellant.

A. H. Moore, of La Feria, for appellee.

SMITH, J.

Certain persons promoted "Roselawn addition" to the city of La Feria, in Cameron county. The addition was appropriately subdivided into blocks, lots, streets, and alleys, and the map and dedication thereof were duly registered in the appropriate county records. An undisclosed number of the lots were sold to prospective home builders, some of whom constructed their homes thereon. The deeds by which the owners of the addition conveyed the lots to purchasers contained a stipulation that the purchaser should construct no dwelling house on the lot so purchased "the contract price of which is not at least $1,800." Appellant, M. V. Dellaughter, and appellee, Leon Hargrove; each purchased a lot burdened with this restriction. Apparently appellee constructed a dwelling on his lot which measured up to said restriction. Subsequently appellant purchased a small shack, valued at $100, and moved it on to his lot as a dwelling house, and moved his family therein, over appellee's protest, according to an implied finding of the trial judge, and still persists in a refusal to remove the house from said premises. At the instance of appellee, the trial court granted a temporary injunction requiring appellant to move his house from said premises, and afterwards perpetuated the injunction. Dellaughter has appealed.

The trial court properly entered judgment nunc pro tunc in this case.

■ It was shown by sufficient evidence that all conveyances of lots in said subdivision, including appellant's, contained the restriction in question, which was sufficient to charge appellant with notice of that restriction and bind him thereto, so that he is compelled in equity to specifically execute it, and will be restrained from violating it. It does not matter whether such restriction does or does not amount to a covenant which "runs

with the land." Pom. Eq. Jur. (3d Ed.) § 689. And such violation will be restrained as a matter of course and regardless of the question of injury and damage. Id. §§ 689, 1295.

■ But the enforcement of such restriction may be waived by the owners of the subdivision, the grantors in such conveyances, and the purchasers of such lots, by permitting, in silence and without complaint, some lot owners to disregard such restriction and construct improvements in violation thereof. If by this relaxation the property owners permit some of their number to violate the restriction and alter the general scheme sought to be conserved by it, they will be held to have thereby waived their right to insist upon its enforcement against subsequent purchasers. In short, if one who has a right to enforce the restriction and so preserve conditions which it was designed to keep unaltered, acquiesces in material alterations of these conditions in violation of the restriction, he cannot thereafter ask a court of equity to assist him in preserving them. Clifton George Co. v. Ins. Co. (Tex. Civ. App.) 234 S. W. 705; Foster v. Bunting (Tex. Civ. App.) 19 S.W.(2d) 784; Johnson v. Poteet (Tex. Civ. App.) 279 S. W. 902.

■ Under this rule it was proper for appellant to show that other purchasers of lots in the addition in question violated the restriction sought to be enforced here against appellant, for the purpose of showing that appellee had waived his right to enforce the restriction against appellant, and the trial court erred in excluding such testimony. Johnson v. Poteet, supra.

The judgment is reversed, and the cause remanded.