### KING et al. v. HILL et al.
### No. 10913.

Court of Civil Appeals of Texas. Galveston.
Jan. 4, 1940.

Rehearing Denied Feb. 1, 1940.

Henry Adams, of Crockett, and H. A. Leaverton and Bramlette, Levy & Dotson, all of Longview, for appellants.

J. W. Young, Kennedy & Granberry, and F. P. Granberry, all of Crockett, for appellees.

MONTEITH, Chief Justice.

This is an appeal in an action in trespass to try title brought by appellants, Hannibal King and wife, LuElla King, H. A. Leaverton, C. W. Killough and T. J. Tucker, against appellees, Charles C. Hill, and Mrs. T. A. Mobley, both individually and as executors of the estate of G. W. Mobley, deceased, for the title and possession of 44⅓ acres of land out of the C. C. Marsh Survey in Houston County, Texas, and for damages.

Appellants pled a formal suit in trespass to try title. Appellees answered by general demurrer, general denial, and a plea of not guilty. They pled specially the 5 and 10 statutes of limitations, Arts. 5509 and 5510, R.C.S. There were no pleadings by either plaintiffs or defendants seeking equitable relief of any kind.

The jury found in answer to special issues submitted that H. G. Denby and his family were occupying the land in controversy as their homestead at the time Denby conveyed said land to G. W. Mobley by deed dated October 8, 1927; that he executed said deed to secure his indebtedness to G. W. Mobley for money borrowed, and to secure the payment of vendor's lien notes outstanding against said land. The jury found further that H. G. Denby remained on the land in controversy after the execution of said deed, as a tenant of G. W. Mobley and the executor of his estate, and that G. W. Mobley and the executor of his estate had held peaceable and adverse possession of said land, paying all taxes due thereon, and claiming and using the same, for five consecutive years after the purchase of said land and prior to the filing of this suit.

Based on the answers to said special issues, the court rendered judgment in favor of appellees and that appellants take nothing by their suit as to the land in controversy.

Appellant LuElla King is the daughter of H. G. Denby and his deceased wife, Lulu Denby, to whom he was married in May, 1910, and who died in April, 1924. Appellants Leaverton, Killough and Tucker intervened as plaintiffs, claiming interests in the land in controversy through mineral assignments.

The record title to the land in controversy is in G. W. Mobley. The record shows that H. G. Denby acquired said land from T. F. and Henry Dailey by deed dated November 26, 1910. By deed dated October 8, 1927, filed for record on December 16, 1927, H. G. Denby conveyed said land to G. W. Mobley for a recited consideration of $300 paid. At the time of the execution of this deed H. G. Denby and his then wife, Catherine Denby, who did not execute said deed, were occupying the land as their homestead. This deed was afterwards signed and acknowledged by Catherine Denby and by Haisure and Abner Lee Denby and re-filed for record on December 8, 1930. The acknowledgment of Catherine Denby to said deed, which was dated November 29, 1930, was defective in that the certificate does not show that she was known to the notary. G. W. Mobley, the grantee in this deed, died in September, 1930, prior to the date of the certificate of acknowledgment of Catherine Denby to said instrument and prior to the time it was re-filed for record.

Appellants contend that the deed of H. G. Denby to G. W. Mobley is void, since the evidence shows and the jury found that H. G. and Catherine Denby were occupying said land as their homestead at the time of its execution; that it was not signed by Catherine Denby at the time it was originally executed by H. G. Denby and that it was not made legally binding as against the homestead rights of H. G. Denby and Catherine Denby by Catherine Denby signing said deed in 1930, for the reason that she was not joined at that time by H. G. Denby; that her acknowledgment was fatally defective; and that said deed was signed and acknowledged by her after the death of G. W. Mobley, the grantee in said deed.

While it is the general rule that a deed absolute in form given to secure the payment of a debt may be shown by parol to have been intended to operate as a mortgage, it is the established rule in Texas that, in an action of trespass to try title, it is incumbent upon the party to an

634

action whose claim or defense is that the deed is a mortgage, and where the relief sought is an equitable one, to specifically plead such equities, otherwise they cannot be tried and he will be bound by the legal effect of the deed according to its terms, although facts may have existed which, if properly pleaded and proved, would have entitled the opposing party to affirmative relief. Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49; Elder v. King et al., Tex.Civ.App., 69 S.W.2d 479; Hall v. Bradley, Tex.Civ.App., 282 S.W. 874; Franzetti v. Franzetti, Tex.Civ.App., 124 S.W.2d 195; McKivett v. McKivett, Tex. Civ.App., 45 S.W.2d 1102; Packard v. De Miranda, Tex.Civ.App., 146 S.W. 211, 213.

 In the instant case appellants' only plea is in trespass to try title and for rentals claimed by them to be due, and the evidence showing the legal title to the land in controversy to be in appellees, they are entitled to judgment.

Under this view of the case the other issues presented become immaterial. The judgment of the trial court will therefore in all things be affirmed.

Affirmed.