KING et al. v. HILL et al.

No. 10913.

Court of Civil Appeals of Texas. Galveston.

Oct. 15, 1942.

Rehearing Denied Nov. 5, 1942.

Writ of Error Granted Jan. 6, 1943.

Kennedy & Granberry and F. P. Granberry, all of Crockett, for appellants.

H. A. Leaverton and Sam J. Dotson, both of Longview, for appellee.

MONTEITH, Chief Justice.

This is a suit in trespass to try title brought by Hannibal King and wife, Luella King, H. A. Leaverton, T. J. Killough, and C. P. Tucker, against appellees, Charles C. Hill and Mrs. T. A. Mobley, both individually and as executors of the estate of G. W. Mobley, deceased, for the title to and possession of 44⅓ acres of land out of the C. C. Marsh Survey in Houston County, Texas, and for damages.

Appellants pled a formal suit in trespass to try title. Appellees answered by general demurrer, general denial and a plea of not guilty. They pled specially the five and ten years statutes of limitations, Articles 5509 and 5510, Revised Civil Statutes.

In answer to special issues submitted, the jury found, in substance, that H. G. Denby was residing upon and using the land in controversy as a homestead for himself and family at the time he execut-ed a deed, dated October 8, 1927, conveying said land to G. W. Mobley; that, at the time said deed was executed, he was indebted to G. W. Mobley for money other than the purchase money for the land in controversy and that said deed was not executed for the sole consideration of the cancellation of a purchase money note then owing against said land. They found that H. G. Denby had remained in possession of the land in controversy after the date of the execution of said deed as a tenant of G. W. Mobley and the executor of his estate, and that G. W. Mobley and the executor of his estate had had and held peaceable and adverse possession of the land in controversy, paying all taxes due thereon before they became delinquent, under a deed duly registered, for a period of five consecutive years after October 8, 1927.

Upon a former hearing of this appeal, the judgment of the trial court was affirmed by this court. 136 S.W.2d 632. A writ of error was granted by the Supreme Court and upon a hearing thereof, which is reported at Volume 157 S.W.2d 881, the judgment was reversed and the cause was remanded to this court for further consideration.

We make the following supplemental findings of fact in order that the issues involved in the appeal may be properly understood:

The land in controversy was purchased by H. G. Denby from T. F. and Henry Dailey on November 26, 1910. At that time he was married to Lulu Denby, the mother of appellant, Luella King, who claims title to a one-half undivided interest in said land as the only child and heir of Lulu Denby. Lulu Denby died in April, 1924. Appellants Leaverton, Killough, and Tucker claim interests in said land through mineral assignments.

In June, 1924, after the death of Lulu Denby, H. G. Denby married Catherine Denby, from whom he had been divorced prior to his marriage to Lulu Denby. He and Catherine Denby continued to live upon said land after the date of his deed to G. W. Mobley and until the date of the trial of this case, occupying it as their homestead.

Defendants in the trial court, appellees herein, claim title to the land in controversy through a deed from H. G. Denby

to G. W. Mobley, dated October 8, 1927, and filed for record in the deed records of Houston County December 16, 1927. Catherine Denby, the then wife of H. G. Denby, did not execute this deed at the time it was executed by him. It was later executed and acknowledged by her and was re-filed for record on December 8, 1930. Her certificate of acknowledgment thereto, which was dated November 29, 1930, is defective in that it does not recite that she was known to the notary who took the acknowledgment. G. W. Mobley, the grantee in the deed, died in September, 1930, prior to the date of the certificate of acknowledgment of Catherine Denby thereto, and prior to the date it was refiled for record.

From a careful re-examination of this record we think that the issues involved in the appeal have not been sufficiently developed to enable us to render a proper judgment herein, and that irreconcilable conflicts exist in the answers of the jury to certain material issues on which the judgment of the trial court was based.

The jury found in answer to Special Issue No. 1 that, at the time of the execution of the deed from H. G. Denby to G. W. Mobley, Denby was residing upon the land in controversy and that he was using said land as a homestead for himself and his family. It found in answer to Special Issue No. 2 that, at that time Denby was indebted to G. W. Mobley for money other than the purchase money for said land, and in answer to Special Issue No. 5, it found that he had executed said deed to secure indebtedness other than the cancellation of a purchase money note then owing therefor.

▮ Under above findings, the deed from H. G. Denby conveying the land in controversy, their homestead, to G. W. Mobley, if construed as a mortgage, was void and ineffectual to divest H. G. Denby and Catherine Denby of their homestead rights in said land, since it was not executed for the purpose of paying an indebtedness which constituted a lien against said land superior thereto, and it was likewise void and ineffectual as a deed to divest them of their homestead interest, first, for the reason that the certificate of acknowledgment of Catherine Denby thereto was defective, in that it did not recite that she was known to the notary who took the acknowledgment, and, second, because it

was acknowledged by her after the death of G. W. Mobley and was therefore a deed to a grantee not in existence at the time of its execution and was inoperative to convey a legal title to said land. Sparks v. Humble Oil & Refining Co., Tex.Civ. App., 129 S.W.2d 468, writ refused, and Roeser & Pendleton v. Stanolind Oil & Gas Co., Tex.Civ.App., 138 S.W.2d 250, error refused.

In conflict with the above undisputed facts and the answers to the special issues above referred to, the jury found, in answer to Special Issue No. 7, that H. G. Denby had remained in possession of the land in controversy after October 8, 1927, as a tenant of appellees, G. W. Mobley and the executor of his estate, and in answer to Special Issue No. 8, that said appellees had had peaceable and adverse possession of the land in controversy for a continuous period of five consecutive years after the date of said deed.

▮ The courts of this state have uniformly held that where there is an irreconcilable conflict in findings and that where a verdict is conflicting on material issues, it will not support a judgment for either party, but is tantamount to a mistrial. Dwight G. Edson et al. v. Perry-Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282, and cases therein cited.

An analysis of the answers of the jury to the issues above referred to, we think, shows an irreconcilable conflict. Unquestionably, if H. G. Denby was using and occupying said land as his homestead at the time of the execution of said deed and the consideration called for therein did not represent the cancellation of purchase money notes, in the absence of a valid and binding deed to said land from Catherine Denby, the Denbys could not, under this record, have been occupying said land as a tenant of G. W. Mobley, and G. W. Mobley and the executor of his estate could not, in the absence of a showing that the Denbys were occupying said land as their tenants, have acquired a five-year limitation title to the land in controversy.

▮ We think that the answers of the jury to the material issues above mentioned constitute irreconcilable conflicts which can not be reasonably and logically made compatible and that they cannot form the basis for a proper judgment herein and that the ends of justice will be bet-

ter subserved by remanding the cause to the trial court in order that the issues involved may be clarified.

The judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.