**Walter STOUT, Appellant,**

v.

**George V. RHODES, Appellee.**

No. 14161.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 30, 1963.

Rehearing Denied Nov. 27, 1963.

Louis E. Marshall, San Antonio, for appellant.

Terrell McKay, San Antonio, for appellee.

POPE, Justice.

Appellant, Walter Stout, sued his next-door neighbor to obtain a permanent injunction against the violation of building restrictions which prohibited apartment houses in Mahncke Park, an Addition to the City of San Antonio. The jury found that the development of the lots in the vi-

cinity of the parties' properties was such that it is no longer possible to provide appellant in any substantial degree with the benefits of the general building scheme, and the court denied the injunction. We affirm the judgment.

Mahncke Park was placed under restrictions in 1929. It consisted of two streets, Funston and Parland, both of which front upon a park which separates the streets. The streets run east and west between Broadway and North New Braunfels Avenue, which run north and south. The deed restriction, here pertinent, provided:

> "Said property shall be used for private residence purposes only, including customary out-buildings, such as private stable, garage or servants quarters, and no part thereof shall be used for business purposes."

Appellant, Stout, purchased his lot on Funston Street in 1935 and built his home thereon. In 1957 Rhodes bought the property adjoining Stout to the east. His deed provided that it was "subject to the restrictions now in force against said property as shown by instruments duly recorded in the office of the County Clerk of Bexar County, Texas." This express reference to the deed restrictions in the Rhodes' deed is the basis for several of appellant Stout's points. He reasons that, as a matter of law, Rhodes may not go behind his 1957 deed to show any prior violation of the restrictions. There have been no substantial violations since 1957, but there were many prior to that date. This assertion is the basis of points grounded upon Stout's motion for summary judgment, special exceptions, his motion for instructed verdict, and his motion for judgment notwithstanding the verdict.

■ The law does not sustain appellant's point. The "subject to" provision does not prevent Rhodes from claiming an abandonment of the restrictions prior to the 1957 deed to Rhodes. Kokernot v. Caldwell, Tex.Civ.App., 231 S.W.2d 528, states that those words mean "subordinate

to," "subservient to," or "limited by." They are words of qualification and not of contract. 84 A.L.R.2d 780. They are, in our opinion, notice to and an acknowledgment by Rhodes that such restrictions are of record, but they are not in fact an acknowledgment of the 1957 validity of the restrictions.

■ Appellant, Stout, also attacks the jury findings as having no support in the evidence. The jury found (1) that Mahncke Park was laid out under a general building scheme which was for private residence purposes only, (2) that the neighborhood had not been developed under the general building scheme or plan, (3) that the development of the lots in the vicinity of plaintiff's and defendant's properties, was such that it is no longer possible to secure to plaintiff in a substantial degree the benefits to be realized through the general building scheme or plan, and (4) that the owners of lots in the neighborhood had "acquiesced in the building of a gasoline service station, apartments, garage apartments, and apartment houses to such an extent that prior to the institution of this action there had been such a general acquiescence in violation of restrictions, in violation of the general building scheme or plan throughout the addition as to amount to a general abandonment of said general building scheme or plan."

The only violation involved on this appeal is that of building a structure other than one for private residence. This is a suit in equity which seeks to prohibit a violation of that class only. This is not a suit to cancel all of the restrictions. It is not a suit which has for its purpose the denuding of the neighborhood of restrictions not here involved. Lebo v. Johnson, Tex.Civ.App., 349 S.W.2d 744; 4 A.L.R. 2d 1113.

There is evidence which supports the findings. Witnesses testified that commencing at Broadway and moving eastward along Funston, the street on which both parties live, there were many violations.

On Broadway and Funston there is a twenty-unit apartment; at 110 Funston, a ten-unit apartment with two additional garages; at 114 Funston, a duplex; at 118 Funston, a ten-unit apartment; at 130 Funston, a duplex; at 138 Funston, a dwelling with a garage apartment; at 144 Funston, a duplex; at 148 Funston, a duplex; at 206 Funston, a two-family dwelling; at 216 Funston, a dwelling with a garage apartment; at 214 Funston, a four-unit apartment with two garage apartments; at 220 Funston, a duplex with a garage apartment; at 230 Funston, a duplex; at 234 Funston, a four-unit apartment (next door to appellant); at 242 Funston, Rhodes' four-unit apartment (even prior to the addition to the rear of his house); at 304 Funston, a duplex with three units; at 308 Funston, a duplex with a garage apartment; at 312 Funston, a duplex; at 332 Funston, a duplex; at 334 Funston, a four-unit structure. On the other side of the park, again beginning at Broadway and moving eastward, there is a filling station; at 123 Parland there is a four-unit apartment with a garage apartment; at 133 Parland, an eight-unit apartment; at 135 Parland, a duplex and a garage apartment; at 143 Parland, a duplex. A school occupies all of the 200 block. At 315 Parland there is a duplex; at 319 Parland, a dwelling with a garage apartment; at 331 Parland, a three-unit building; at 337 Parland, a duplex; at 347 Parland, a dwelling with a garage apartment; at 411 Parland, a dwelling with a garage apartment; at 415 Parland, a dwelling with a garage apartment; at 417 Parland, a duplex; at 423 Parland, a three-unit structure, and at 451 Parland, a dwelling with a garage apartment. Each of these constitutes a violation of the original restrictions, and they collectively support the findings.

Appellant, Stout, argues that most of these violations, while within the subdivision, are so far removed from him that they are not material to his immediate neighborhood. Stewart v. Welsh, 142 Tex. 314, 178 S.W.2d 506. The law will permit remote violations, but many of these can not be so termed. Stout resides at 238 Funston. He originally built his own house as a duplex, and later converted it into a single residence. To his immediate west is a four-unit structure about which he has never complained. To his immediate east is the Rhodes property, which was a four-unit apartment even prior to 1957, about which he did not complain. When Rhodes took his deed in 1957, which referred to the restrictions, he was purchasing a structure which itself was, and for many years had been, in violation of them. According to our tabulation, on Funston Street itself, there were eight structures in the 100 block and seven in the 200 block which violated the restrictions. There were four-unit apartment houses on both sides of appellant, Stout.

The Rhodes construction which provoked this suit was an addition of four apartments to the rear of his existing four-unit building. While it is true that trivial violations are not significant, Ragan v. Mosher, Tex.Civ.App., 225 S.W.2d 438, and there are no eight-unit apartments in the two hundred block of Funston, where Stout lives; there were repeated violations of the restrictions against private residences, and we can not say that the judgment was without support in the evidence. Dellaughter v. Hargrove, Tex.Civ.App., 40 S.W.2d 253; Clifton George Co. v. Great Southern Life Ins. Co., Tex.Civ.App., 234 S.W. 705.

■ Appellant, Stout, by other points, states that special issue number four is a comment upon the evidence in calling attention to the filling station and apartments, and he also objects to the court's failure to define abandonment. In our opinion, the first three issues provide a sufficient basis for the denial of the injunction, and any errors in the submission of the other issues are immaterial to the judgment. 7 Thompson, Real Property (Perm. Ed.) § 3649.

The judgment is affirmed.