Helen Godfrey **WILSON** et al., Appellants,

v.

**DEARING, INC.,** Appellee.

No. 4129.

Court of Civil Appeals of Texas.

Eastland.

March 3, 1967.

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., Midland, Vinson, Elkins, Weems & Searls, Houston, for appellants.

Garland Casebier, Midland, for appellee.

COLLINGS, Justice.

Dearing, Inc. brought this suit in trespass to try title praying for title and possession of the south 120 acres of the north 240 acres of the west half of Section 17, Block B–29, Public School lands Survey in Ward County. The defendants Helen Godfrey Wilson and Dorothy Chapman Goodloe and her husband filed pleas of not guilty and a general denial. They also pleaded that there was no delivery of the deed of November 27, 1951 from Helen Godfrey Wilson and her husband and the Goodloes to Roy E. Dearing, and that said deed was without consideration. The case was tried before a jury and based on the verdict judgment was rendered for the plaintiff for title and possession of the property in controversy. The defendants have appealed.

In support of its claim of title appellee introduced in evidence the record title from the State of Texas to S. J. Taylor covering land including that in controversy and a deed from S. J. Taylor to Homer N. Chapman dated November 19, 1926 covering such land. Appellee further offered in evidence a deed from Homer N. Chapman to Roy E. Dearing dated March 15, 1930 which purported to convey a 120 acre tract described as the south 120 acres of the southwest one-half of Section 17, Block B–29 in Ward County. It is appellee's contention that the description in this deed was erroneous. At the time of the execution of such deed Chapman was married to Mrs. Helen Wilson who is an appellant in this case. Mrs. Wilson's claim herein arises by virtue of her contention that the property in dispute was community property of Homer N. Chapman and herself. It is stipulated that the only land in dispute is Mrs. Wilson's community undivided one-half interest in the north 80 acres of the south 120 acres of the north 240 acres of the west one-half of said Section 17. Appellee also offered in evidence a deed from Helen Godfrey Wilson, her husband and others to Roy E. Dearing dated November 27, 1951, which purports to be a deed correcting the erroneous description contained in the deed from Homer N. Chapman to Roy E. Dearing dated March 15, 1930.

The evidence shows that Helen Godfrey Wilson was married to Homer N. Chapman when he received the deed from J. S. Taylor on November 19, 1926; that Homer N. Chapman died on December 31, 1931 and left surviving his wife and one child, Phillip G. Chapman. Phillip G. Chapman died March 28, 1945 and left surviving his wife Dorothy Ann Chapman who later married Doctor N. M. Goodloe, and one child Phillip Chapman, Jr.

The evidence further shows that Roy E. Dearing died on January 19, 1932 prior to the execution of the deed by Helen Godfrey Wilson et al dated November 27, 1951. The interest of Phillip Chapman, Jr. in the property is not in controversy. It was conveyed by the guardian of his estate to C. H. Smith on January 5, 1952 and conveyed by C. H. Smith to Dearing, Inc. on April 17, 1959.

Appellee Dearing, Inc. relies upon the correction deed executed on November 27, 1951 by Helen Godfrey Wilson and others as a link in its chain of title and the basis of its right to judgment. By such instrument Mrs. Wilson conveyed by proper description the 120 acre tract in question to Roy E. Dearing, his heirs and assigns. Roy E. Dearing had died long before the execution of this deed, a fact which Mrs. Wilson admitted she knew about. Appellants objected to the introduction of the deed on the ground that the grantee named therein had died prior to its execution, that there was no delivery of the deed and no consideration for its execution. The objection was overruled.

The jury found in answer to the one special issue submitted that Helen Godfrey Wilson and her husband executed the deed of November 27, 1951 with the intention to transfer the property to Dearing, Inc. Appellants present points contending that the court erred in overruling their objection to the introduction in evidence of the deed from Helen Godfrey Wilson et al to Roy E. Dearing dated November 27, 1951; erred in overruling appellants' motion for judg-

ment asserting that appellee failed to prove title to the interest of Helen Godfrey Wilson in the property because there was no evidence and insufficient evidence to raise a fact issue concerning the intention of either Helen Godfrey Wilson or her husband to give or deliver the deed of November 27, 1951 to Dearing, Inc., or to convey or transfer the property to appellee, and because the overwhelming weight and preponderance of the evidence showed that neither Helen Godfrey Wilson nor Harold H. Wilson knew that such deed to Roy E. Dearing was being acquired for Dearing, Inc. or had any intention to transfer such property to that company, and that the affirmative answer of the jury to the one issue submitted was so against the great weight and preponderance of the evidence that it was manifestly wrong and unjust and should have been disregarded.

Appellants further contend that the court erred in overruling their motion for judgment and in rendering judgment on the verdict because the undisputed testimony established that there was no consideration paid for the execution and delivery of the deed from Helen Godfrey Wilson et al to Roy E. Dearing dated November 27, 1951.

Appellee contends that the record and the law support two theories of recovery: one based on the Jury finding that by the November 1951 deed Mrs. Wilson intended to transfer title to land to Dearing, Inc., a remote assignee of Roy E. Dearing, and second that the 1951 correction deed relates back to the date of the Chapman-Dearing deed of 1930, and that the 1951 deed was therefore not made to a dead grantee because Roy E. Dearing was alive at the time of the execution of the 1930 deed.

 The established general rule is that a deed can be made only to grantees in existence at the time of the execution of the deed. It is also recognized, however, that a deed made to the heirs or assigns of a dead person is valid if it can be shown that it was the intention of the grantor to convey title to such heirs or assigns.

Sparks v. Humble Oil & Refining Co., 129 S.W.2d 468 (Tex.Civ.App., 1939, writ ref.); Vineyard v. Heard, 167 S.W. 22 (Tex.Civ. App., 1914); Lott v. Dashiell, 233 S.W. 1103 (Tex.Civ.App., 1921), 148 A.L.R. 252.

As heretofore noted the jury found that Mr. and Mrs. Wilson executed the November 27, 1951 deed with the intention to transfer property to Dearing, Inc. We overrule appellants' points contending that there was no evidence and insufficient evidence to support this finding and that the finding is against the great weight and preponderance of the evidence. The record shows that Mrs. Wilson was the wife of Homer N. Chapman on March 15, 1930 when he executed the deed purporting to convey a 120 acre tract of land to Roy E. Dearing. There is no question but that the description in that deed is erroneous. The correction deed executed by Mr. and Mrs. Wilson on November 27, 1951 specifically referred to the March 15, 1930 deed by Chapman stating that the description therein was incorrect and then by proper description conveyed a 120 acre tract to "Roy E. Dearing, his heirs and assigns" which included the 80 acre tract here in controversy.

All parties hereto recognize that at the time of the execution of the correction instrument in 1951 Roy E. Dearing was dead. Mrs. Wilson admits that she knew at that time that Roy E. Dearing was dead. Mr. C. H. Smith, a broker, was a witness. He testified that he purchased an oil and gas lease from Dearing, Inc. covering the south 120 acres of the north 240 acres of the west one-half of said Section 17, and one of the title requirements was that there should be a quit claim deed in connection with the 1930 deed from Chapman to Roy E. Dearing. He stated that he placed a telephone call and established contact with a person who identified herself as Mrs. Homer Chapman; that he told her what he wanted and she said she would call her husband; that she further said that she was now Mrs. Wilson. He stated that he explained to her what he was trying to do and asked her for a quitclaim deed, and that he also talked with her husband. Smith stated that as a result of his telephone conversation with Mr. and Mrs. Wilson he received what he called a quitclaim deed. The so called quitclaim deed was plaintiff's Exhibit 19 which is in fact the correction deed above referred to. Smith testified that he suggested to Mr. Wilson that he, Smith, would prepare the deed and mail it to them for execution, but that Mr. Wilson said it would not be necessary; that they would prepare the deed and mail it to him. Smith further testified that Helen Godfrey Wilson, Harold H. Wilson, Dorothy Ann Goodloe and N. M. Goodloe signed the instrument which was mailed to him after he had the telephone conversation with Mr. and Mrs. Wilson about his title. He testified that the deed was mailed to him by Dr. Goodloe.

Mrs. Wilson testified stating that she knew Roy Dearing was dead. She admitted that she was informed concerning the reason that the correction instrument was being sought; that it was to "clear the title for Mr. Dearing or something like that." When Mrs. Wilson was asked if she knew that the correction instrument which she executed was to Roy Dearing she replied "not to Roy Dearing himself knowing he was dead." She further stated "it was in that name, and that is the way they had to clear it I suppose." "* * * We signed what they wanted us to sign and sent it back. We did that in good faith. That is the last we heard of them until a few years later, and they wanted another correction." "* * * but the second time, another correction, it seemed a little silly."

We overrule appellants' contention that there was a lack and insufficiency of the evidence to raise a fact issue concerning a delivery by Mr. and Mrs. Wilson of the 1951 correction deed to Dearing, Inc. The evidence supports the conclusion that Mrs. Wilson and other grantors in the correction deed caused such deed to be delivered to Mr. Smith for the benefit of Dearing, Inc. The facts come under the

rule announced concerning delivery of a deed as stated in Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 5 A.L.R. 1660 as follows:

"The law prescribes no form of words or action to constitute the delivery of a deed. It will not divest a grantor of his title by declaring his deed effective when his purpose was to withhold it from the grantee. Neither will it deprive the grantee of his rights where it was the grantor's intention to invest him with the title, though there be no manual delivery of the instrument. The question in all such cases is that of the grantor's intention. If the instrument be so disposed of by him, whatever his action, as to clearly evince an intention on his part that it shall have effect as a conveyance, it is a sufficient delivery."

 Appellants' points contending that the court erred in overruling their motion for judgment because the court found and the undisputed evidence shows that there was no consideration paid for the execution or delivery of the deed from Helen Godfrey et al to Roy E. Dearing dated November 27, 1951 are likewise overruled. The court did find that no consideration was paid for the execution and delivery of the Wilson-Dearing deed other than the consideration paid for the execution and delivery of the Chapman-Dearing deed of 1930. The Chapman-Deering deed recites a consideration of $10.00. It is held that a new consideration is not necessary to support a ratification deed. Matson v. Jarvis, 63 Tex.Civ.App. 376, 130 S.W. 941 (1911). See also Jackson v. Tonahill, 108 S.W. 178 (49 Tex.Civ.App. 169, 1908, writ ref.); Humble Oil & Refining Company v. Clark, 126 Tex. 262, 87 S.W.2d 471 (1935).

The obvious and stated object of the 1951 deed from Mrs. Wilson et al to Dearing, Inc. was to correct the description in the Chapman-Dearing deed of 1930. It was recited in the 1951 deed that the description in the 1930 deed was in error. It was recited in the 1951 deed that the grantors therein desired to correct such error and a grant of the land correctly described was made. The correction instrument related back to and became effective as of the time of the instrument it purported to correct. It resulted in the passing of title from Chapman to Roy E. Dearing as of March 15, 1930. Doty v. Barnard, 92 Tex. 104, 47 S.W. 712; Thorndale Mercantile Co. v. Continental Gin Co., 217 S.W. 1059 (Tex. Civ.App., 1920, writ ref.); Polk v. Carey, 247 S.W. 568 (Tex.Civ.App., 1923, writ dis.); Borden v. Hall, 255 S.W.2d 920 (Tex.Civ.App., 1951, no writ history.).

Appellants' points are overruled. The judgment is affirmed.