**JOE T. GARCIA'S ENTERPRISES, INC., Appellant,**

v.

**Daryl N. SNADON, Trustee, Appellee.**

No. 05–87–00417–CV.

Court of Appeals of Texas, Dallas.

May 20, 1988.

Rehearing Denied June 23, 1988.

S. Gary Werley, Colton P. Johnson, Timothy J. Harvard, Fort Worth, for appellant.

Paul S. Adams, Jr., Susan K. Sparkman, Dallas, for appellee.

Before HOWELL, HECHT, and BAKER, JJ.

HOWELL, Justice.

Appellant Joe T. Garcia's Enterprises, Inc. (hereinafter "Garcia") appeals the granting of summary judgment taken in favor of appellee Daryl N. Snadon. Garcia also appeals the denial of its own motion for summary judgment. We agree that summary judgment should not have been rendered for Snadon; we reverse the judgment of the trial court. The cause is remanded for a trial on the merits.

This case relates to restrictive covenants on a 2.3–acre tract of land originally owned by appellee Snadon in Dallas County. Prior to May 5, 1977, Snadon owned the land in fee simple free of any restrictive covenants. On that date, Snadon conveyed the land by a general warranty deed, regular on its face, to grantees King and Simpson. This warranty deed contained no language of any restrictive covenants, and was duly filed in the deed records of Dallas County, Texas.

Two months later, on July 12, 1977, a "Correction Warranty Deed" signed only by grantor Snadon was filed in the deed records of Dallas County. This "correction deed" recited that the express purpose of refiling was to include the restrictions on the use of the land which were erroneously omitted from the May 11, 1977 deed. Among the restrictive covenants was the requirement that "[t]he property shall be used as the location of a modern first class restaurant." This correction deed further stated that "[e]ach condition and covenant herein contained shall be of no further effect on January 1, 1977."

Through a series of mesne transactions, Garcia acquired, on March 25, 1982, a lease with an option to purchase the subject property. The lessors/owners, King and Young (successor to Simpson's interest) consented to the assignment of the lease/purchase agreement and a memorandum of the lease with the option to purchase was filed in the deed records of Dallas County. In April 1985, almost three years after Garcia acquired the option to purchase the property, Snadon filed another warranty deed identical to the July 12, 1977 filing with one major exception: the deed stated that the conditions and covenants would terminate on January 1, 19*97* [emphasis added]. On September 11, 1985 Garcia purchased the property "subject to the restrictive covenants as recorded [on April 18, 1985]."

Garcia filed this action for declaratory judgment that the restrictive covenants on the land were invalid, and for damages

based on slander of title by Snadon. Both parties moved for summary judgment in the trial court. Snadon's motion for summary judgment was granted and the restrictive covenants were declared valid and binding until the termination date of January 1, 1997.

■ Snadon urges that, since Garcia took the property in September, 1985 by a deed which was expressly made "subject to" the covenants recorded in April 1985, it cannot now challenge those restrictions. We disagree. The words "subject to" in the deed are words of qualification, not of contract. By accepting the deed Garcia acknowledged that the restrictions were of record but did not, by its acceptance of the deed, acknowledge the binding nature of the covenants. *Stout v. Rhodes*, 373 S.W.2d 94, 95 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.).

■ The record reflects that Garcia acquired an option to purchase the subject property in April 1982. We hold that, by acquiring the option to purchase the tract, Garcia purchased the right to compel a sale of the land on the terms stated before the expiration of the option. *See Moore v. Kirgan*, 250 S.W.2d 759, 763 (Tex.Civ.App.—El Paso 1952, no writ). The terms stated in April 1982 did not include restrictive covenants which would expire in 1997; nothing in the option contract suggests that Snadon could change the terms of the contract or cause additional restrictions to be placed on the property during the pendency of the option period. We hold that Garcia had the right to take title to the property as it existed on April 18, 1982, the date it obtained, with King and Simpson's approval, the option to purchase.

■ Appellee characterizes the subsequent filings in the deed records as correction deeds. We cannot agree with this characterization. A correction deed is executed and recorded for the unique purpose of correcting a scrivener's error in the *description* of the property. *See, e.g., Wilson v. Dearing, Inc.*, 415 S.W.2d 475, 476 (Tex.Civ.App.—Eastland 1967, no writ) (correction deed corrected erroneous description of land in a former instrument);

*Parker v. McKinnon*, 353 S.W.2d 954, 955 (Tex.Civ.App.—Amarillo 1962, writ ref'd n.r.e.) (correction deed executed to correct errors in former deed omitting state and county descriptions, misspelling survey description and providing corrected volume number of original patent); *Fenn v. Boxwell*, 312 S.W.2d 536, 541 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.) (correction deed executed to reflect grantor's conveyance of a lot in Block 122 instead of Block 102 where he owned no property). Our research has not disclosed a prior case where the grantor has executed a correction deed to place restrictive covenants on land where no prior covenants existed.

■ Our analysis of this case is governed by consideration of the documents actually filed in the deed records of Dallas County. We conclude that the "correction deeds" filed by Snadon had no effect on Garcia. A correction deed is filed for the sole purpose of correcting some facial imperfection in the title. This, however, is not the situation in this case. The original deed from the grantor Snadon was regular on its face and did not require correction. We hold that the position stated in 26 C.J.S. § 31, *Deeds* controls this appeal.

> Where the grantor has divested himself of title, although by mistake he has not conveyed the title in the way in which he intended, he may not by a subsequent conveyance correct his mistake, there being no title remaining in him to convey except where the conveyance has been rescinded or canceled by a mutual consent of the parties.

*Id.* at 660. There was no cancellation or rescission of the conveyance by mutual consent. Snadon attempted to modify the conveyance on two separate occasions—on July 12, 1977 (the first "correction deed") and on April 18, 1985 (the second "correction deed")—but these filings were both unilateral acts of the grantor and do not reflect the parties' mutual intent to reform the conveyance. Snadon had no power to place restrictions on property as to which he had already parted title.

■ Alternatively, the filings of these "correction deeds" did not place Garcia on notice, either constructive or actual, of the existence of any restrictive covenants. The subsequent filings are totally outside the chain of title of the property. The chain of title is commonly understood to be:

"[t]he successive conveyances, commencing with the patent from the government, *each being a perfect conveyance of the title* down to and including the conveyance to the present holder."

*Reserve Petroleum Co. v. Hutcheson,* 254 S.W.2d 802, 806 (Tex.Civ.App.—Amarillo 1952, writ ref'd n.r.e.) (emphasis added). The conveyance from Snadon to Simpson and King was in all respects a "perfect conveyance of the title"; Garcia was not bound to inquire whether Snadon had filed any additional deeds with respect to the property he had conveyed *in toto* to his grantees. We sustain appellant's first point and reverse the summary judgment of the trial court in favor of Snadon.

Garcia pleaded in the trial court that Snadon's filing of the "correction deeds" was a slander of title on the property and sought damages accordingly. However, Garcia did not raise the slander of title claim in his summary judgment and does not assign a point of error relating to the failure of the trial court to render judgment on that cause of action. We may not consider a theory of recovery which was not urged in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979). Furthermore, we cannot rule upon an issue not presented to this court in a point of error supported by argument and authority. TEX.R.APP.P. 74(d). Thus we do not address Garcia's slander of title allegations.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.